NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 3 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IVAN VEGA-DIAZ, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 23-426 Agency No. A205-602-033 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 18, 2025[**]
Phoenix, Arizona

Before: COLLINS, MENDOZA, and DESAI, Circuit Judges.

Petitioner Ivan Vega-Diaz petitions for review of a decision by the Board of

Immigration Appeals ("BIA") denying his motion to reopen his immigration

proceedings to allow him to apply for cancellation of removal. We have

jurisdiction under 8 U.S.C. § 1252 and review for abuse of discretion. *Singh v.*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Garland*, 124 F.4th 690, 697 (9th Cir. 2024).

1.     Vega-Diaz argues that the BIA abused its discretion in declining to use its authority to *sua sponte* reopen proceedings to allow him to pursue a nonimmigrant visa.  We lack jurisdiction over the BIA's decision not to invoke its *sua sponte* authority to reopen, except for the "limited purpose of determining whether the [BIA] based its decision on legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016).  Aside from the general argument that the BIA should have exercised its discretion and used its *sua sponte* reopening authority, Vega-Diaz does not explain how the BIA committed legal or constitutional error.  We thus find no basis to conclude the BIA erred by declining to reopen pursuant to its *sua sponte* authority.

2.     In his removal proceedings, Vega-Diaz filed an application for cancellation of removal but withdrew it at the direction of his then-counsel, which he contends was ineffective assistance.  He submitted a statement in support of his motion to reopen which he contends the BIA failed to "accept as true," as it must in considering a motion to reopen. *Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017).

To succeed on his claim of ineffective assistance of counsel, Vega-Diaz must demonstrate that "the outcome of the proceeding may have been affected by" his counsel's ineffective assistance. *Hernandez-Ortiz v. Garland*, 32 F.4th 794,

801 (9th Cir. 2022) (quoting *Grigoryan v. Barr*, 959 F.3d 1233, 1240 (9th Cir. 2020)). In denying his motion to reopen, the BIA held that, "[e]ven assuming inadequate performance by the former attorney, [Vega-Diaz] has not shown prejudice" and that he "has not shown plausible grounds for relief because he does not address in his motion his criminal history, good moral character, and whether he merits relief in the exercise of his discretion, which are further requirements for cancellation of removal."

Indeed, in his motion to reopen and in his opening brief before us, Vega-Diaz failed to address these statutory requirements for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1). Because Vega-Diaz failed to offer any evidence or argument that he may be eligible for cancellation of removal, the BIA did not abuse its discretion by concluding he was not prejudiced by his counsel's advice to withdraw his application.

3. To be eligible for cancellation of removal, Vega-Diaz must also demonstrate that his removal "would result in exceptional and extremely unusual hardship to a qualifying relative." *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 999 (9th Cir. 2025) (quoting 8 U.S.C. § 1229b(b)(1)(D)). He argues that the BIA failed to consider evidence relating to new hardships that supports his claim for cancellation of removal. Specifically, he asserts that the BIA did not consider evidence of his child's heart condition and his stepchild's hyperactivity. But the

BIA acknowledged Vega-Diaz's new evidence and concluded that it was not sufficiently "exceptional and extremely unusual" to establish prima facie eligibility for cancellation of removal. This finding is supported by the record and thus does not constitute an abuse of discretion.

4. Vega-Diaz also argues that the BIA erred by relying on his hearing testimony through an unsworn interpreter. The BIA addressed this issue in Vega-Diaz's earlier appeal from the IJ's initial order denying relief. But Vega-Diaz did not petition this court for review of that order, nor did he re-raise the issue as a ground for granting the instant motion to reopen before the BIA. He thus failed to timely raise and exhaust this challenge. *See Stone v. INS*, 514 U.S. 386, 405–06 (1995) (stating that separate petitions for review must be filed from the underlying removal order and from an ensuing motion to reconsider); *see also Riley v. Bondi*, 145 S. Ct. 2190, 2203 (2025) (clarifying that *Stone*'s rule is a claim-processing rule, not a jurisdictional rule).

**PETITION DENIED.**